**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | |
|---|---|
| **KENT LEON WILLIAMS** | **PLAINTIFF** |
| **v.** | **CIVIL NO. 1:26-cv-00206-HSO-BWR** |
| **CASEY FARVE, et al.** | **DEFENDANTS** |

# ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

When pro se Plaintiff Kent Leon Williams filed his Complaint on July 17, 2026, he was an inmate housed at the Hancock County Public Safety Complex in Bay St. Louis, Mississippi. Compl. [1] at 1. Plaintiff's claims arise under 42 U.S.C. § 1983, and he names Casey Farve, Pamela Dickinson, and Kristi Biddle as Defendants. *Id.* Plaintiff has not paid the filing fee for this civil action, nor has he sought leave to proceed *in forma pauperis*.

Accordingly, on July 20, 2026, the Court ordered Plaintiff as follows:

> [O]n or before August 19, 2026, plaintiff shall either pay the required $350.00 . . . filing fee plus a $55.00 . . . administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled "Certificate to Be Completed by Authorized Officer" of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [2] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id.* at 2. That Order [2] was mailed to Plaintiff at his last-known mailing address, and it was not returned as undeliverable. Plaintiff did not comply with the Court's Order [2] by the August 19 deadline.

On August 31, 2026, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's previous Order [2]. Order [3] at 1-2. Plaintiff's responsive deadline was extended to September 14, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2. The Order to Show Cause [3] and a copy of the July 20 Order [2] were mailed to Plaintiff at his last-known mailing address, and they were returned as undeliverable in an envelope marked, "not in facility." Envelope [4] at 1. Plaintiff did not comply with the Order to Show Cause [3] by the September 14 deadline.

On September 28, 2026, the Court entered a Second and Final Order to Show Cause [5], allowing Plaintiff another chance to show cause for his failure to comply with the Court's Orders. Order [5] at 2. Plaintiff's responsive deadline was extended yet again to October 12, 2026, and he was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to him." *Id.* at 2-3 (emphasis in original). Plaintiff was

cautioned that this was his "final opportunity to comply with the Court's Orders [3] [2]." *Id.* at 3. The Second and Final Order to Show Cause [5], a copy of the Order to Show Cause [3], and a copy of the July 20 Order [2] were mailed to Plaintiff at his last-known mailing address, and they were not returned as undeliverable. To date, Plaintiff has not responded to the Court's July 20, August 31, or September 28 Orders [2], [3], [5].

## II. DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action sua sponte. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (per curiam) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (per curiam) (same).

Plaintiff has been warned four times that it is his responsibility to prosecute this case, which includes an ongoing obligation to comply with the Court's orders. Second and Final Order to Show Cause [5] at 2-3; Order to Show Cause [3] at 2;

Order [2] at 2; Notice of Assignment [1-2] at 1. Despite these warnings, Plaintiff has failed to comply with three Court Orders [2], [3], [5], and he has not communicated with the Court about this lawsuit since the day it was filed more than three months ago. Such inaction represents a clear record of delay, contumacious conduct, and lack of interest by Plaintiff. It is apparent that he no longer wishes to pursue this lawsuit.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (per curiam) (quotation omitted); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 26th day of October, 2026.

s/ Halil Suleyman Ozerden
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE